IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MELANIE ROSS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 5:05-cv-13 (HL) |
| | : | |
| **GEORGIA PSI CHAPTER OF** | : | |
| **SIGMA ALPHA EPSILON, A GEORGIA** | : | |
| **UNINCORPORATED ASSOCIATION,** | : | |
| **THE CORPORATION OF MERCER** | : | |
| **UNIVERSITY,** | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER ON DEFENDANT'S MOTION TO PARTIALLY DISMISS COMPLAINT AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Before this Court are a Motion to Partially Dismiss Complaint (Doc. # 8) filed by Defendant the Corporation of Mercer University ("Mercer") and a Motion for Leave to Amend Complaint (Doc. # 24) filed by the Plaintiff, Melanie Ross ("Ross"). For the reasons set forth below, Defendant's Motion is denied and Plaintiff's Motion is granted.

### I.  FACTS AND PROCEDURAL HISTORY

Ross filed suit in this Court on January 11, 2005, seeking damages from two defendants—Mercer and "Psi Georgia, LLC, D/B/A The Georgia Psi Chapter of Sigma Alpha Epsilon" ("SAE"). In her original Complaint (Doc. # 1), Ross sought damages from Defendants

1

on ten counts: Count One alleged Mercer's failure to adequately respond to Plaintiff's complaint for sexual assault (Compl. ¶¶ 17-30); Count Two alleged Mercer's failure to protect Plaintiff against continued sexual harassment (Compl. ¶¶ 31-45); Count Three alleged Mercer's inaction and intimidation constituted retaliation ( Compl. ¶¶ 46-50); Count Four alleged Mercer's inadequate and discriminatory sexual assault investigation and complaint procedures have a disparate impact on women (Compl. ¶¶ 51-65); Count Five was a demand for damages from Mercer based on the aforementioned four violations of Title IX. (Compl. ¶¶ 66-67); Count Six alleged SAE and "Defendants"[1] had breached their duty to keep premises safe, in violation of O.C.G.A. § 51-3-1 (Compl. ¶¶ 68-75); Count Seven alleged "Defendants"[2] failed to provide adequate security in violation of O.C.G.A. § 51-3-1 (Compl. ¶¶ 76-82); Count Eight alleged SAE was liable by imputation for the alleged negligent acts and omissions committed by Daniel Day, the member of SAE who allegedly committed the sexual assault in question ( Compl. ¶¶ 83-85); Count Nine alleged SAE was liable through its negligent, reckless and careless acts, including its failure to properly supervise and educate its members, which were the proximate cause of Ross' injuries (Compl. ¶¶ 86-88); Count Ten alleged SAE[3] assumed a duty to follow FIPG guidelines to lessen the risk of sexual assault by fraternities but failed to follow these guidelines (Compl. ¶¶ 89-92).

---

[1] Mercer was not specifically mentioned by name in Count Six.

[2] Neither Mercer nor SAE was specifically mentioned by name in Count Seven.

[3] Mercer was not specifically mentioned by name in Count Ten, nor were "Defendants" referred to – instead, allegations were leveled at "Defendant."

On June 17, 2005, Mercer filed a Motion to Partially Dismiss Plaintiff's lawsuit, particularly Count Four. (Doc. # 8.) Ross filed a Response on July 11, 2005 (Doc. # 16); Mercer filed a Reply to the Response on July 29, 2005. (Doc. # 21.)

Subsequently, the Parties in this case jointly filed a Scheduling Order and Discovery Plan on August 9, 2005, requiring all amendments to the pleadings be filed on or before October 17, 2005. (Doc. # 23, at 5.) On September 14, 2005, Ross filed a Motion for Leave to Amend Complaint. (Doc. # 24.) Pursuant to Federal Rule of Civil Procedure 15(a), Ross moved (1) to substitute Defendant "Psi Georgia, LLC, D/B/A The Georgia Psi Chapter of Sigma Alpha Epsilon" with the appropriate Defendant: "Georgia Psi Chapter of Sigma Alpha Epsilon, A Georgia Unincorporated Association," (2) to add the words "Mercer University" to the headings for Counts Six and Seven, and (3) to add the words "Mercer University" to the heading for Count Ten and to add paragraphs 93-98, relating to Mercer's alleged negligence, to Count Ten. (Doc. # 24, at 1.) Response to this Motion was due by October 7, 2005—Defendants submitted no Response.

## II.   APPLICABLE STANDARDS

### A.   Motion to Dismiss

A motion to dismiss a plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore, "[a]t the motion to dismiss stage, all well-pleaded facts

are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999).  Finally, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low." Ancata v. Prison Health Serv. Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quotation and citation omitted).

      **B.**      **Motion to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a), a party may move to amend its pleading after a responsive pleading has been served "only by leave of court . . .and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Interpreting this Rule, the Eleventh Circuit has noted that "[t]he decision whether to grant leave to amend is within the sound discretion of the trial court." Jameson v. Arrow Co., 75 F.3d 1528, 1534-35 (11th Cir. 1996).  The Supreme Court has stated that despite this broad trial court discretion,

> [i]f the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Taylor v. Fla. State Fair Auth., 875 F.Supp. 812, 814 (M.D. Fla. 1995) (determining whether to allow an amendment based on "(1) whether the amendment would be prejudicial to the opposing party, (2) whether there was bad faith or undue delay on the part of the moving party and (3) whether the amendment

sought is legally futile.") (citation omitted).

**III.   ANALYSIS**

    **A.   Motion to Dismiss**

Mercer argues Count Four, a Title IX disparate impact and disparate treatment claim, should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to allege discriminatory intent. (Doc. # 8.) According to Mercer, proof of intent is the *sine qua non* to compensatory relief for any type of Title IX violation. See Horner v. Ky. High Sch. Auth., 206 F.3d 685, 689 (6th Cir. 2000). Therefore, to fulfill an element necessary to obtain relief on this claim, Ross must have alleged either discriminatory intent generally or that defendants had actual knowledge of the discriminatory effect of their alleged facially neutral rule yet failed to remedy the violation. (Doc. # 8, at 4.)

Ross advances two main arguments to refute the Motion to Dismiss. First, she notes the Supreme Court has not expressly ruled whether proof of intentional discrimination is a prerequisite for money damages under Title IX when a facially neutral policy is challenged under a disparate impact theory. (Doc. # 16, at 6.) Second, she argues her Complaint never alleged Mercer had a facially neutral policy but that it did, in fact, allege Mercer's treatment of sexual abuse and harassment amounted to intentional discrimination. (Doc. # 16, at 5-6, 7-8.) Ross contends because Mercer "choos[es] to treat sexual assault crimes differently than other crimes . . . . has actual knowledge of sexual abuse and [makes] a choice not to protect its female students or remedy the abuse" (Doc. # 16, at 7-8), it has engaged in

5

intentional discrimination.

Initially, this Court notes that although Ross has claimed in her Response to Mercer's Motion to Dismiss that her Complaint alleged Mercer acted with discriminatory intent, this mere assertion in her brief does not make it so. A plain reading of Count Four in Ross' Complaint makes it clear that as currently alleged, Ross seeks to recover against Mercer for "Disparate Impact/Treatment" and not actions undertaken with discriminatory intent. (Doc. # 1, at 10.) The Court is unwilling to make the intellectual leap Ross' Response urges it to take and infer her claim implies something it does not. Therefore, Mercer is correct that "Count IV lacks an allegation regarding discriminatory intent." (Doc. # 19, at 2.)

However, Ross is technically correct that the Supreme Court has not expressly held proof of intentional discrimination is the *sine qua non* to compensatory relief for a Title IX violation.[4] Horner, the Sixth Circuit case Mercer cites to support its assertion, acknowledged this while still opining on the likely future state of the law. Id., 206 F.3d at 692 ("In sum, although the Supreme Court has not yet expressly ruled on the point, we think that it would likely hold that proof of intentional discrimination is a prerequisite for money damages under Title IX when a facially neutral policy is challenged under a disparate impact

---

[4] The Supreme Court has held on numerous occasions that a school system, receiving federal funding assistance, can be held liable for monetary damages to a victim of intentional discrimination. See, e.g., Franklin v. Gwinnett County Pub. Sch., 503 U.S. 64-76 (1992). Additionally, a private damages action under Title IV may also lie against a funding recipient who acts with deliberate indifference to known acts of harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit. Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633 (1999).

theory."). Regardless of what the Sixth Circuit believes the Supreme Court "would likely hold," this Court is unwilling to dismiss Ross' claim, especially at this early stage in litigation, without some authority stating she could not possibly recover under her theory as alleged. That having been said, this Court notes neither the Supreme Court, the Eleventh Circuit nor any other circuit court this Court is aware of have allowed compensatory recovery for a disparate impact claim under Title IX. Therefore, Ross faces a decision.

At this early stage in litigation, the Court is obliged to accept Ross' factual allegations as true and to construe reasonable inferences therefrom in the light most favorable to her. With this standard in mind, the Court finds that Ross has at least met her "exceedingly low" threshold of sufficiency to survive a motion to dismiss for failure to state a claim because it is possible that compensatory damages may be recovered under a Title IX claim for disparate impact. Mercer's Motion is accordingly dismissed. If Ross wishes to proceed with Count Four of her Complaint as written she may do so, though the Court may examine this matter again at a later time.

In the alternative, the Court grants Ross leave to amend Count Four of her Complaint within ten (10) days from the date of this Order. Should she wish to alter her Count Four to explicitly allege Mercer acted with discriminatory intent against women with regards to its sexual assault investigation and complaint procedures, she may do so. Should Ross choose to so amend her Count Four, Defendants will have an additional ten (10) days after service of the amended pleading to file a response.

**B.     Motion to Amend**

1.     Substituting the Appropriate Defendant SAE

Ross originally sued "Psi Georgia, LLC, D/B/A The Georgia Psi Chapter of Sigma Alpha Epsilon." (Doc. # 1.)  Now, more than eight months later, Ross seeks to amend her original complaint to substitute the aforementioned Defendant with the appropriate Defendant: "Georgia Psi Chapter of Sigma Alpha Epsilon, A Georgia Unincorporated Association." (Doc. # 24, at 1.)

This Court finds SAE would suffer no prejudice if Ross is allowed to amend the Complaint to reflect the proper name for SAE.  In effect, Ross is simply correcting a mistake about the identity of the Defendant, and SAE has been adequately notified of suit through service.  See, e.g., Powers v. Griff, 148 F.3d 1223, 1225 (11th Cir. 1998) ("The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint is correcting a mistake about the identity of the defendant."); Carrigan v. Columbus Reg'l Healthcare Sys., 237 F. Supp. 2d 1317, 1319-20 (M.D. Ala. 2002).  In addition, there have been no allegations or indications of bad faith or undue delay on the part of Ross in making this amendment.[5]  Finally, there has been no charge that this amendment would be legally futile.[6]  This amendment will be granted.

---

[5] In fact, this proposed amendment comes well within the deadline jointly set by the parties in their Scheduling and Discovery Order.

[6] Defendants did not file a Response to Ross' Motion to Amend and therefore made no argument as to why this amendments should not be granted.  For example, Mercer did not argue that the proposed

### 2. Adding "Mercer University" to the Headings for Count Six and Seven

In Counts Six and Seven of her original Complaint, Ross alleges that "Defendants" owed a duty of care to her and undertook to provide security. (Doc. # 1, at ¶¶ 68-82.) Throughout these two Counts, Ross repeatedly refers to multiple "Defendants" rather than any single Defendant. She now seeks to amend the headings[7] in these claims to reflect that they are, in fact, claims against both Mercer and SAE.

This Court finds Mercer would suffer no prejudice if Ross is allowed to amend the headings for Claims Six and Seven to reflect that these claims include Mercer. In effect, Ross is simply clarifying the nature of her complaint – a common sense reading of the original language of the Complaint illustrates that Mercer was included in these claims and thus was adequately notified of the claims when it was initially served. In addition, there have been no allegations or indications of bad faith or undue delay on the part of Ross in making this amendment. Finally, there has been no charge that this amendment would be legally futile. This amendment will be granted.

---

amendment, insofar as it may add claims against it, would prejudice it in any way. See, e.g., Nobles v. Rural Cmty. Ins. Serv., 303 F. Supp. 2d 1279, 1289 (M.D. Ala. 2004); Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977) ("The burden is on the party opposing the amendment to show such prejudice."). Nor did Mercer argue bad faith or legal futility due to a statute of limitations violation. Accordingly, this Court has not examined whether this amended complaint relates back to the original filing under Federal Rule of Civil Procedure 15(c)(3). See Powers, 148 F.3d 1223.

[7] The Court also notes that the original heading for Claim Six appears to contain a typographical error. It only reads "Negligence Against Sigma Alpha Epsil" rather than "Sigma Alpha Epsilon Fraternity," as Ross refers to SAE in other headings. This error, combined with the reference to "Defendants" should have alerted Mercer to the fact that it might also have been included in this claim.

        3.        Adding "Mercer University" to the Heading for Count Ten and Adding Paragraphs 93-98, Relating to Mercer's Alleged Negligence, to Count Ten

In Count Ten of her original Complaint, Ross alleges that "Defendant" assumed a duty and failed to fulfill it. (Doc. # 1, at ¶¶ 89-92.) It appears clear that the "Defendant" Ross referred to in Count Ten of her original Complaint was SAE. Ross now seeks to amend the heading in this claim to include Mercer, as well as to add six paragraphs to elucidate exactly what duty Mercer assumed and failed.

Again, this Court finds Mercer would suffer no prejudice if Ross is allowed to amend Claim Ten to include Mercer. These allegations against Mercer arise out of the same facts and transaction as earlier claims against Mercer, and Mercer has been adequately notified of the substance of Ross' complaints against it. In addition, there have been no allegations or indications of bad faith or undue delay on the part of Ross in making this amendment. Finally, there has been no charge that this amendment would be legally futile. This amendment will be granted.

### III.    CONCLUSION

Defendant Mercer's Motion to Partially Dismiss Complaint (Doc. # 8) is denied. Per the discussion above, the Court grants Ross leave to amend Count Four of her Complaint within ten (10) days from the date of this Order, should she so wish. Should Ross choose to so amend her Count Four, Defendants will have an additional ten (10) days after service of

the amended pleading to file a response.  Plaintiff's Motion for Leave to Amend Complaint (Doc. # 24) is granted.   Defendants may plead in response to this Amended Complaint within twenty (20) days from the date of this Order.

SO ORDERED, this the 31st day of October, 2005.


s/   Hugh Lawson
**HUGH LAWSON, JUDGE**


pdl