# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MELANIE ROSS,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 5:05-cv-13 (HL) |
| : | |
| **THE CORPORATION OF MERCER** : | |
| **UNIVERSITY,** : | |
| : | |
| Defendant. : | |

_____

## **ORDER**

Plaintiff Melanie Ross ("Ross") filed a Notice of Appeal (Doc. 68) in this case on April 30, 2007. Immediately thereafter, Ross filed a "Motion to Stay the Docketing of the Appeal and for an Extension of Time for Filing of the Notice of Appeal" (Doc. 69). However, the United States Court of Appeals for the Eleventh Circuit has held that "[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995)(quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Therefore, when Ross filed her Notice of Appeal, her case came exclusively within the jurisdiction of the Eleventh Circuit,[1] and this

---

[1] Although, as a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in an appeal, "it does not prevent the district court from taking action in furtherance of the appeal. Nor does it prevent the court from entertaining motions on matters collateral to those at issue on appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003) (citations and quotations omitted). This means that district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion, but not to grant one. Id. at 1180. Therefore, the

Court lost its discretion to entertain her motion for an extension of time. See, e.g., Shivers v. Hill, 205 Fed. Appx. 788, 789 (11th Cir. 2006). Accordingly, the "Motion to Stay the Docketing of the Appeal and for an Extension of Time for Filing of the Notice of Appeal" (Doc. 69) filed by Ross is dismissed for lack of jurisdiction.

**SO ORDERED**, this the 2nd day of May, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl

---

Court may still consider the "Motion for Reconsideration of Judgment Entered Against Plaintiff with Newly Discovered Evidence and Law and Brief in Support" (Doc. 70) filed by Ross. Once the Defendant in this case has enjoyed the opportunity to respond to this Motion, the Court anticipates engaging in such an examination and issuing an appropriate ruling.