# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **MELANIE ROSS,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:05-cv-13 (HL) |
| **THE CORPORATION OF MERCER UNIVERSITY,** | : | |
| Defendant. | : | |

# ORDER

Plaintiff's counsel, Amanda A. Farahany ("Farahany"), has never let a little thing like a "Rule" bother her. Throughout this case, she has ignored Federal Rules of Civil Procedure, Federal Rules of Evidence and the Local Rules of this Court with equal aplomb. Her most recent filing, styled as a Motion for Reconsideration (Doc. 70), is no different. For the reasons set forth below, it is denied.

## I.  BACKGROUND

The substantive facts in this case were set forth in detail in the Court's Order of March 30, 2007 (Doc. 65). They will not be recounted in full here. In summary, Plaintiff Melanie Ross ("Ross") filed a case against Defendant the Corporation of Mercer University ("Mercer") under the Patsy Takemoto Mink Equal Opportunity in Education Act ("Title IX") and various state laws. The case arose from Ross's alleged rape by Daniel Day ("Day")

1

when both Ross and Day were students at Mercer. The Court granted Mercer's Motion for Summary Judgment, and Ross has now filed a Motion for Reconsideration. That Motion for Reconsideration is based on "newly discovered evidence" in the form of an affidavit from Jennifer Perry ("Perry"). Perry's declaration alleges that she was also the victim of sexual assault by a member of the Sigma Alpha Epsilon fraternity ("ΣAE"), Day's fraternity, under similar circumstances to Ross's own alleged attack. According to Ross, this declaration creates a jury issue regarding whether sexual harassment at Mercer was pervasive or had a systemic effect on educational activities. Mercer filed a Response (Doc. 77), and the matter is ripe for adjudication.

## II. ANALYSIS

In the opening sentence of her Motion, Ross states that it is filed pursuant to Federal Rules of Civil Procedure 52, 59(e) and 60(b)(2), (3) and (6). However, before the Court can analyze the merits of Ross's Motion, it must address whether the Motion and the evidence it references are properly before the Court.

### A. Federal Rule of Civil Procedure 52

#### 1. Standard

Federal Rule of Civil Procedure 52(a) requires that in actions tried by a district court sitting without a jury the court must "find the facts specifically and state separately its conclusions of law thereon." Fed. R. Civ. P. 52(a). Rule 52 also provides that "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed.

2

R. Civ. P. 52(b). "The purpose of this rule is to allow the court to correct plain errors of law or fact, or, in limited situations, to allow the parties to present newly discovered evidence, but not to allow the relitigation of old issues, a rehearing on the merits, or the presentation of new theories of the case." Hannover Ins. Co. v. Dolly Trans Freight, Inc., No. 6:05-cv-576-Orl-19DAB, 2007 WL 1707888, at *2 (M.D. Fla. Jan. 18, 2007). However, "[t]he 10-day time limitation for serving a Fed. R. Civ. P. 52(b) motion is jurisdictional and cannot be extended by the district court." Nisson v. Lundy, 975 F.2d 802, 806 (11th Cir. 1992).

2. **Application**

The Court issued its Order granting Mercer's Motion for Summary Judgment on March 30, 2007. It entered Judgment (Doc. 66) the same day. Therefore, the ten-day deadline to file a timely motion pursuant to Rule 52(b) expired on April 13, 2007. Ross did not file her Motion for Reconsideration until May 1, 2007. Accordingly, to the extent that Ross seeks to amend the Judgment in this case pursuant to Rule 52(b),[1] her Motion is dismissed for lack of jurisdiction.[2]

**B.   Federal Rule of Civil Procedure 59(e)**

---

[1] The Court is forced to presume Ross moves under section (b) of Rule 52, since Ross never bothered to mention which section of the Rule she believed was applicable to her Motion for Reconsideration. Actually, Ross failed to offer any argument whatsoever regarding Rule 52 after mentioning it in the opening sentence of her ten-page Motion. Given the untimely nature of the Motion, her omission is irrelevant.

[2] Some courts have held that a Rule 52(b) motion is improper where a district court has entered an order on a motion for summary judgment. See Silva v. Potter, No. 804CV2542T17EAJ, 2006 WL 3219232, at *2-3 (M.D. Fla. Nov. 6, 2006) (collecting cases and holding the same). Given Ross's clearly untimely filing of her Motion, the Court need not reach this question.

**1.     Standard**

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment after its entry. Reconsideration is only proper if the movant has demonstrated that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). According to the explicit language of the Rule itself, a motion brought pursuant to Rule 59(e) must be filed no later than ten days after entry of the judgment. Fed. R. Civ. P. 59(e).

**2.     Application**

As explained above, the Court issued its Order granting Mercer's Motion for Summary Judgment on March 30, 2007, and entered Judgment the same day. Thus, the ten-day deadline to file a timely motion pursuant to Rule 59(e) expired on April 13, 2007.[3] Ross's Motion for Reconsideration was not filed until May 1, 2007. To the extent that Ross seeks to amend the Judgment in this case pursuant to Rule 59(e), her Motion is dismissed for

---

[3] Plaintiff's counsel Farahany also would have been aware of this ten-day deadline had she read the Local Rules of the Court. Local Rule 7.6 clearly specifies that "Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court *within ten (10) days after entry of the order or judgment*."

lack of jurisdiction.[4]

### C. Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. Proc. 60(b).

Claims made under provisions one, two and three of Rule 60(b) must be filed within one year of the judgment, order or proceeding that is the subject of the claim. Id. A claim made under Rule 60(b)(6) must be filed "within a reasonable time." Id. Therefore, unlike Ross's attempts to argue for reconsideration pursuant to Rules 52 and 59(e), her efforts under Rule 60(b)(1), (2) and (6) are properly before the Court. However, motions under Rule 60(b) are directed to the sound discretion of the district court. See, e.g., United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1318 (11th Cir. 1997). Therefore, the Court will address each claim in turn.

---

[4] The Court is well aware of the Eleventh Circuit's statement that "[w]hen a motion to alter or amend a judgment under Rule 59(e) . . . is filed more than 10 days after entry of judgment[, it] automatically becomes a Rule 60(b) motion." Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). In the interest of complying with that instruction, the Court has fully considered all of the substantive arguments raised by Ross in her "Motion for Reconsideration," regardless of how she has arranged or titled them. Since Ross commingles her various arguments with numerous mentions of Rules 59 and 60, the Court's dismissal of her relief under Rule 59 did not preclude its consideration of her arguments under the guise of Rule 60. Every argument contained in Ross's Motion has been considered and rejected.

### 1. Rule 60(b)(2)

Rule 60(b)(2) provides relief from a judgment or final order for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The Eleventh Circuit has emphasized that a movant seeking relief under Rule 60(b)(2) faces a high bar. Indeed, "[a] motion for a new trial under Rule 60(b)(2) is an extraordinary motion[,] and the requirements of the rule must be strictly met." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000) (citation and quotation omitted).

> For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result.

Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted).

Ross is not entitled to relief pursuant to Rule 60(b)(2) for at least two reasons. First, by her own admission, Ross uncovered the evidence in question at least two weeks prior to the Court's ruling on Mercer's Motion for Summary Judgment.[5] Therefore, Ross cannot

---

[5] Farahany studiously avoids informing the Court of when, exactly, she became aware of this evidence. In her affidavit, Perry swears that she first contacted and spoke with Farahany on February 16, 2007. Perry then signed an affidavit detailing her allegations on March 1, 2007. Farahany herself submitted an affidavit in which she stated Perry's affidavit "was not received by Plaintiff's counsel until after March 16, 2007." So, the Court is left to wonder—when did Farahany learn about Perry's testimony and the evidence contained therein? In the original February call? On March 1st, when Perry signed an affidavit clearly prepared by an attorney and bearing the heading of the case in this Court? At some undetermined point "after" March 16th? Farahany's

6

meet her burden under the first part of the five-part test—the evidence was not newly discovered after the Court granted summary judgment. Because Ross fails her initial burden, the Court need not consider the remaining four parts of the test.

Second, the very text of Rule 60(b)(2) emphasizes it is a safety valve to be used for newly discovered evidence which by due diligence *could not have been discovered in time to move for a new trial under Rule 59(b)*. The evidence in question here *was* discovered in time to move for a new trial. Ross simply failed, for some unknown reason, to file a motion for a new trial within ten days after entry of the judgment. Not having availed herself of the clear avenue offered by Rule 59, Ross may not now circumvent that route via Rule 60(b)(2). To the extent that Ross seeks to amend the Judgment in this case pursuant to Rule 60(b)(2), her Motion is denied.

### 2. Rule 60(b)(3)

Rule 60(b)(3) provides relief for misrepresentations by the adverse party.

> To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. The moving party must also demonstrate that the conduct prevented them [sic] from fully presenting his case.

Id. (citations omitted); see also Wilson v. Thompson, 638 F.2d 801, 803 (5th Cir. Unit B

---

vague assertions are, at best, sloppy lawyering. At worst, they are a deliberate attempt to mislead this Court and opposing counsel. Based on the work it has seen from Farahany to date, the Court will grant her the benefit of the doubt and simply assume the confusion is the result of her sloppy lawyering and laziness. Despite both, it remains clear that this evidence was not newly discovered for the purpose of Rule 60(b)(2).

Mar. 1981)[6] ("[A] Rule 60(b)(3) movant does bear the burden of proving the asserted fraud, and this burden is [a] heavy one.").

The accusations leveled by Ross under Rule 60(b)(3) fall into two categories: (1) that Mercer gave false answers to questions posed by Ross during discovery, and (2) that Mercer failed to inform Ross about certain relevant information. As for the first accusation, Ross has failed to point to any specific fraud on the part of any Mercer employee or defense counsel. Ross describes with specificity neither any question dodged nor any answer falsified.[7] As highlighted by Mercer, Ross's allegations fail to include even a single cite to the record in this case to support her conclusory allegation. Accordingly, Ross has failed to prove this accusation by clear and convincing evidence.

As for the second accusation, Mercer was under no obligation to volunteer potentially damaging information to Ross, such as the existence of any previous allegations by Perry.[8] A party who fails to take advantage of discovery opportunities to determine relevant facts

---

[6] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down prior to October 1, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

[7] Mercer, on the other hand, specifically denies that it answered any questions falsely, asserting that "Mercer was never asked about, nor did Mercer deny the existence or non-existence of any complaints against $\Sigma AE$. However, Mercer unequivocally stated that it never had any sexual assault complaints against Mr. Day." (Doc. 77 at 8.) Ross has not directed the Court to anything in the record, and certainly no clear and convincing evidence, that would allow the Court to conclude otherwise.

[8] As Mercer apparently did not plan to use any information from Perry to support its claims or defenses, it was under no obligation pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) to disclose her identity, if known, during its initial disclosures.

prior to dispositive motions cannot cry foul afterwards in the form of a Rule 60(b)(3) motion and expect to be rewarded for her shortcomings. Had Ross asked different questions of various Mercer employees, perhaps she might have learned about Perry's allegations, or perhaps she might have received denials that later would have provided ammunition for a valid Rule 60(b)(3) motion. Apparently Ross never asked such questions, and Mercer was certainly under no obligation to ask them for her. Thus, Ross has failed to prove her second accusation by clear and convincing evidence. To the extent that Ross seeks to amend the Judgment in this case pursuant to Rule 60(b)(3), her Motion is denied.[9]

### 3. Rule 60(b)(6)

"Under Rule 60(b)(6), a court may grant relief for any other reason justifying relief from the operation of judgment. Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001). Indeed, in order to prevail under Rule 60(b)(6), a petitioner "must do more than show that a grant of [his] motion might have been warranted . . . . [he] must demonstrate a justification for relief so compelling that the district court [i]s *required* to grant [his] motion." Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996) (citation omitted). Finally, relief under Rule 60(b)(6) applies only to "cases that do not fall into any of the other categories listed in parts (1)-(5)." United States v. Real

---

[9] Because Ross failed to prove Mercer obtained the judgment through fraud, misrepresentations or other misconduct, the Court need not consider whether such conduct prevented her from fully presenting her case.

9

Property and Residence Located at Route 1, Box 111, Firetower Road, Semmes, Mobile County, Ala., 920 F.2d 788, 791 (11th Cir. 1991).

Ross has utterly failed to make an appropriate showing under Rule 60(b)(6). This is not a case of exceptional circumstances. This is a case where an attorney had potentially relevant information but failed to present it to the Court in a timely matter. Farahany could have presented Perry's affidavit to the Court when she first became aware of it in the form of an amendment to her response to Mercer's Motion for Summary Judgment. She did not. Farahany could have presented the affidavit to the Court within ten days of judgment in the form of a timely Rule 59(e) motion. She did not. Unfortunately, Ross must pay the price for Farahany's mistakes.[10] Even when presenting her Rule 60(b)(6) motion, Farahany misses the mark. Rather than make a distinct presentation about why relief under Rule 60(b)(6) might be appropriate, her argument is a jumble of contentions as to why she believes her motion for reconsideration should be granted. None of them are persuasive. To the extent that Ross seeks to amend the Judgment in this case pursuant to Rule 60(b)(6), her Motion is denied.

## III.   SCRIVENER'S ERROR

Rule 60(a) allows a court of its own initiative to correct clerical errors in its orders. Fed. R. Civ. P. 60(a). However, the Rule also notes that "[d]uring the pendency of an appeal,

---

[10] The Eleventh Circuit has emphasized that clients are to be held accountable for the acts and omissions of their attorneys. See Young v. City of Palm Bay, 358 F.3d 859, 863 (11th Cir. 2004). This is because when a plaintiff voluntarily chooses her attorney as her representative in an action, she cannot then avoid the consequences of the acts or omissions of this freely selected agent. Id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 396-97 (1993)).

10

such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." Id. Upon further review of its Order of March 30, 2007, the Court has noted a scrivener's error. The Order currently reads "At most, it could be said that Ross's alleged attack meets the requirements of severity and objective offensiveness, but, based on Supreme Court and Eleventh Circuit guidance, the Court will hold this single incident of peer-on-peer sexual harassment *qualifies* as pervasive discrimination." Ross v. Corp. of Mercer Univ., No. 5:05-cv-13(HL), 2007 WL 988768, *24 (M.D. Ga. Mar. 30, 2007) (emphasis added). Instead of the word "qualifies," the Order should read "does not qualify." According to the dictate of Rule 60(a), the Court may not correct this clerical mistake because the appeal has been docketed. Nonetheless, for the sake of clarity, the Court wishes to call the error to the appellate court's attention.[11]

## IV. CONCLUSION

The Motion for Reconsideration (Doc. 70) filed by Ross is denied.

---

[11] It is also worth noting that the clerical mistake neither changed the Court's holding nor caused any confusion among the parties about what exactly that holding was. Reading the Order, it is abundantly clear that the Court found the incident Ross alleged did not qualify as pervasive discrimination. Indeed, the next two sentences after the mistake in question were, "Therefore, based on the foregoing analysis, the Court concludes Ross has failed to provide enough evidence for a jury to conclude her discrimination was severe, pervasive and objectively offensive. Mercer is entitled to summary judgment on this claim." Ross v. Corp. of Mercer Univ., No. 5:05-cv-13(HL), 2007 WL 988768, *24 (M.D. Ga. Mar. 30, 2007). In addition, in her "Motion to Stay the Docketing of the Appeal and for an Extension of Time for Filing of the Notice of Appeal," Ross confirmed her own understanding of this point when she acknowledged, "On March 30, 2007, this Court entered judgment in favor of the Defendant, Mercer University [,] because the Court determined that as a matter of law, the sexual harassment at Mercer University was not pervasive conduct under Title IX." (Doc. 69 at ¶ 1.)

The holding in this Order renders the "Notice of Objection to Portions of the Declaration of Jennifer Perry" (Doc. 76) filed by Mercer moot, and it will not be addressed by the Court.

**SO ORDERED**, this the 23rd of May, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl